# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07-00087-07-CR-W-NKL |
| | ) | |
| MARK DELI SILJANDER, | ) | |
|     Defendant. | ) | |

## MARK SILJANDER'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS, OR IN THE ALTERNATIVE MOTION TO DISMISS COUNT 32

**COMES NOW** Mark Siljander, by and through counsel Robin D. Fowler, and hereby moves this Court, pursuant to Rule 6(e)(3)(E) of the Rules of Criminal Procedure (FRCP), to order the Government to produce to Mr. Siljander materials set forth below relating to or occurring before the grand jury in the above-captioned case; or in the alternative dismiss count 32. In support of said motion, Mr. Siljander states:

### A.  Background

Mr. Siljander stands charged in count 32 of a Second Superseding Indictment (hereinafter Indictment) (Doc. 135) with obstruction of justice in violation of 18 U.S.C. 1503(a).  This count alleges that between on or about December 13, 2005, and continuing until at least April 26, 2007, in the Western District of Missouri and elsewhere, Mr. Siljander obstructed justice regarding an investigation being conducted by a federal grand jury in the Western District of Missouri.  According to the allegations, Mr. Siljander made false statements on December 13, 2005, and April 26, 2007.

According to the Indictment, Mr. Siljander's statement in December of 2005 was made to agents of the Federal Bureau of Investigation (FBI) "acting on behalf of the grand jury;" and also alleges that his April, 2007 statement was made to Assistant United States Attorneys (AUSA) and FBI agents who were "acting on behalf of the grand jury." The Indictment further alleges, in conclusory fashion, that certain specified matters were material to a grand jury investigation of IARA.

In this motion Mr. Siljander seeks the following grand jury materials regarding this investigation:

1. Transcripts of any colloquy between any AUSA's & grand jury.
2. All witness transcripts.
3. Copies of all grand jury subpoenas, as well as information concerning who issued the subpoena (i.e., AUSA or grand jury request). Also, the date the grand jury was informed of the issuance of each subpoena (if not done at their request), and the date any information obtained from the subpoena was provided to the grand jury.
4. Copies of all exhibits provided to grand jury, and date(s) the exhibit was shown.
5. Copies of any legal instructions provided to the grand jury.

It is Mr. Siljander's position that the grand jury materials sought in this motion are critical and necessary to his defense. He cannot litigate the issue of materiality without knowing what matters had been presented to the grand jury, and when. Further, Mr. Siljander cannot litigate the issue of whether or not the FBI agents, and/or AUSA's, were acting on behalf of the grand jury at the time of these interviews without these materials. The Government has not voluntarily agreed to provide these items, hence the necessity of this motion.

2

## B. Argument and Authorities

Mr. Siljander is charged with making materially false statements to federal agents and attorneys on two different occasions in violation of 18 U.S.C. §1503(a). FRCP 6(e)(3)(E) authorizes a district court to disclose "at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter: (i) preliminarily to or in connection with the judicial proceeding; (ii) at the request of a defendant who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the grand jury." Disclosure is sought under Rule 6(e) because grand jury matters are not generally discoverable otherwise. FRCP 16(a)(3).

"Disclosure of matters occurring before a grand jury is generally prohibited by Rule 6…Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996)(*citing United States v. Procter & Gamble*, 356 U.S. 677 (1958)). Mr. Siljander would submit that a particularized need clearly exists in the instant case. He would also submit that the Government's failure to disclose this material, if ordered by the Court, would justify dismissal of count 32. *United States v. DeCoteau*, 186 F.3d 1008 (8th Cir. 1999)(dismissal appropriate if government refuses to comply with lawful court order to produce, and failure to do so is prejudicial to defendant).

Given the charge under 18 U.S.C. 1503, the materials sought by Mr. Siljander are highly relevant, and clearly necessary to his defense. This information is critical, because "a conviction under this provision requires proof of the sufficient nexus between the defendant's actions and intent to impede judicial proceedings." *United States v. Joiner,* 418 F.3d 863, 868 (8th Cir. 2005) (quoting *United States v. Russell,* 234

3

F.3d 404, 407 (8th Cir. 2000). Under this section, "the act must have a relationship in time, causation, or logic with the judicial proceedings". *United States v. Novak,* 217 F.3d 566, 572 n. 11 (8th Cir. 2000) (quoting *United States v. Aguilar,* 515 U.S. 593, 599 (1995). In defending himself as to whether or not there is "a relationship in time, causation, or logic with the [grand jury] proceedings," Mr. Siljander, and any fact-finder, must be able to see what the grand jury was in fact doing, and when. *Id.*

Transcripts of witnesses, dates and items sought via subpoena, grand jury colloquies, exhibits and instructions are all necessary to allow Mr. Siljander to prepare his defense. The Government cannot simply allege that a matter is "material" to the grand jury, and then say that the proceedings are secret and cannot be disclosed. The Government cannot claim that FBI agents and attorneys acted on behalf of the grand jury, but claim that grand jury secrecy requirements prohibit disclosure of any such evidence.

As is obvious from the nature of the charge, the materiality of Mr. Siljander's alleged false statements is critical to his defense. In addition, since the Indictment alleges that federal agents and attorneys were acting "on behalf of the grand jury," that factual allegation is likewise material to Mr. Siljander's defense. In the absence of the Court ordering disclosure of the grand jury materials sought herein, Mr. Siljander is unable to prepare his defense. Without knowing the nature of the grand jury's investigation, including the dates it viewed exhibits, heard witnesses, or sought or obtained subpoenaed items, he is unable to prepare his defense as to materiality issues; or on the issue of whether or not federal agents and attorneys were acting in behalf of the grand jury at the times Mr. Siljander was interviewed.

### C. Conclusion

The government has alleged that Mr. Siljander has interfered with the administration of justice by making materially false statements to agents and attorneys who purportedly were working on behalf of the grand jury. After bringing this indictment, and making this allegation against Mr. Siljander, the government has refused to provide information regarding the very grand jury investigation which Mr. Siljander allegedly obstructed. These issues are material to his defense, as was made clear in *Aguilar*. Without these materials Mr. Siljander is simply unable to prepare his defense to count 32 of the Indictment. Mr. Siljander would therefore request that this Court order that the items requested be produced to Mr. Siljander; or, in the alternative, in the event the Government objects to disclosure of these materials, dismiss Count 32 of the Indictment.

Respectfully submitted,

*/s/ Robin D. Fowler*

_____
Robin D. Fowler                         #000348
**BATH & EDMONDS, P.A.**
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas 66204
(913) 652-9800; Fax (913) 649-8494
ATTORNEY FOR MARK SILJANDER

### CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all interested parties and counsel therein.

*/s/ Robin D. Fowler*

_____
Robin D. Fowler

5