UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ISLAMIC AMERICAN RELIEF AGENCY, )<br>    Defendants. ) | Case No.: 07-00087--CR-W-NKL |

## MOTION TO OBTAIN DISCLOSURE OF AND SUPPRESS ELECTRONIC SURVEILLANCE EVIDENCE OBTAINED PURSUANT TO FOREIGN INTELLIGENCE SURVEILLANCE ACT

**COME NOW** defendants Mubarak Hamed, Ali Mohamed Bagegni, Ahmad Mustafa, Abdel Azim Elsiddig, and Mark Siljander, by and through their undersigned counsel, and hereby request that this Court suppress all electronic evidence obtained in this case under the authority of the Foreign Intelligence Surveillance Act (FISA); and order disclosure to defendants of applications, orders and other materials used to obtain authorization of such surveillance. In support of this motion, the defendants state:

A. Background

The Government has informed all defendants who are movants in this motion that it has intercepted, and intends to use at trial, electronic surveillance obtained under the authority of FISA. Each of the defendants herein are citizens of the United States, except Mr. Mustafa.

In this motion, defendants seek to obtain discovery of the applications, orders, and other relevant related materials used to obtain court ordered authority to authorize these interceptions; and are also moving for suppression of the results of the electronic surveillance. Since the Government has not disclosed any of the material (applications, orders, etc.) sought by this motion, defendants are unable to state the basis for their motion to suppress, which is why disclosure of these documents is sought. Suppression is sought under the defendants' Fourth Amendment right to be free from unreasonable searches; while disclosure is sought under the Due Process clause of the Fifth Amendment.

B.  Argument and authorities

Given that the Government has informed all the above named defendants that it has intercepted, and intends to use at trial, electronic surveillance obtained under the authority of FISA, each of the above named defendants are therefore "aggrieved persons" under 18 U.S.C. 1801(k); and 18 U.S.C. 1806(c).

Each of the above named defendants therefore has standing to move to suppress evidence obtained under the authority of FISA on the grounds that the evidence was either unlawfully acquired, or on the basis that the surveillance was not made in conformity with an order of authorization or approval. 18 U.S.C. 1806(e).

Where the targets of the surveillance are a "United States person," the FISA court may issue an order authorizing the surveillance only if the court finds "probable cause to believe that the target of the surveillance is a foreign power or agent of a foreign power, that proposed 'minimization procedures' are sufficient under the terms of

the statute, that the certifications required by § 1804 have been made, and . . . that the certifications are not 'clearly erroneous.'" United States v. Pelton, 835 F.2d 1067, 1075 (4th Cir. 1987) (citing 50 U.S.C. § 1805(a) (findings necessary to support the issuance of an order authorizing surveillance)).[1]  The government must specify the minimization procedures that it will follow in conducting the surveillance 50 U.S.C. § 1804(a)(5) to protect the privacy of those overheard and must specify those procedures for every device that will be used for the surveillance.  50 U.S.C. § 1804(a)(11).

To litigate their suppression motions effectively, defendants seek disclosure of the materials which will reveal whether the government complied with its procedural and substantive requirements.  However, FISA makes clear that the Court

> may make disclosure to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other material relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance.

50 U.S.C. §1806(f).  Indeed, due process may require "discovery or disclosure."  50 U.S.C. §1806(g).

Citing the legislative history of FISA, the D.C. Circuit has noted that disclosure would be "necessary" under § 1806(f):

> Where the court's initial review of the application, order, and fruits of the surveillance indicates that the question of legality may be complicated by factors such as "indications of possible misinterpretation of fact, vague identification of the person to be

---

[1] An "agent of a foreign power" includes any person who knowingly engages in clandestine intelligence gathering activities for or on behalf of a foreign power, which activities involve or may involve a violation of the criminal statutes of the United States. 50 U.S.C. § 1801(b)(2).  However, no United States citizen – as defendants Hamed, Bagegni, Elsiddiq and Siljander are here – "may be considered an agent of a foreign power solely upon the basis of activities that are protected by the first amendment to the Constitution of the United States . . . ."  50 U.S.C. §1805(a)(3)(A).

> surveilled, or surveillance records which include a significant amount of nonforeign intelligence information, calling into question compliance with the minimization standards contained in the order."

United States v. Belfield, 692 F.2d 141, 147 (D.C. Cir. 1982) (quoting S. Rep. No. 95-701, 95th Cong., 2d Sess. 64 (1978)).

Depriving these defendants of the opportunity to litigate fully their challenge to the legality of the FISA warrants issued against them, denying them access to the applications and other materials, and, thus, denying them the opportunity to obtain an individualized determination of the lawfulness of the surveillance conducted of their telephone conversations is a violation of the Due Process clause of the Fifth Amendment.

The Court has authority, pursuant to 18 U.S.C. 1806(f), to release, even in a case where the Government has asked for an ex parte review, such portions of the materials as "necessary to make an accurate determination of the legality of the surveillance." Under that authority, defendants request that they be allowed to review the applications and orders related to any FISA electronic surveillance which the Government intends to use in this case at trial. If any of these documents are classified, defendants request that their counsel, who have received special clearances in this case, be allowed to review these applications and orders.

Regardless of whether the Court authorizes the release of any materials to either defendants or their counsel, the defendants respectfully request, pursuant to 18 U.S.C. 1806(f), that the Court conduct an in camera and ex parte review of any FISA applications, orders, and any other related materials utilized in this investigation to

determine whether the electronic surveillance relating to each defendant was "lawfully authorized and conducted."

Respectfully submitted:

*/s/ Robin D. Fowler*
_____
Robin D. Fowler          MO #000348
**BATH & EDMONDS, P.A.**
7944 Santa Fe Drive
Overland Park, KS  66204
(913) 652-9800
Facsimile (913) 649-8494
E-mail:  robin@bathedmonds.com
Attorney for Mark Siljander


_____/s/ Curtis E. Woods_____
Curtis E. Woods
Sonnenschein Nath & Rosenthal LLP
4520 Main Street, Suite 1100
Kansas City, MO  64111
Telephone (816) 460-2400
Facsimile (8186) 531-7545
Email    cwoods@sonnenschein.com
Attorneys for Defendant Hamed Murbarek


_____/s/ John C. Aisenbrey_____
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2800
Kansas City, MO 64106
Phone:  816-691-3111
Fax:  816-691-3495
Email   jaisenbrey@stinson.com
Attorneys for Defendant Ali Mohamed Bagegni

      /s/ Troy K. Stabenow
Troy K. Stabenow
Assistant Federal Public Defender
221 Bolivar Street, Suite 104
Jefferson City, MO 65101
Telephone (573) 636- 8747
Facsimile (573) 636-9161
Email Troy_Stabenow@fd.org
Attorney for Defendant Ahmad Mustafa


      /s/ Jean Paul Bradshaw II
Jean Paul Bradshaw II (31800)
Lathrop & Gage, LLC
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
Email: jpbradshaw@lathropgage.com
Attorneys for Defendant Abdel Azim Elsiddig


## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of April, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties and counsel of record.


      */s/ Robin D. Fowler*
      _____
      Robin D. Fowler