**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-00087-07-CR-W-NKL |
| ) | |
| **MARK DELI SILJANDER,** ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT SILJANDER'S
MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS,
OR IN THE ALTERNATIVE MOTION TO DISMISS COUNT 32**

The United States of America, by and through Matt J. Whitworth, the Acting United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorneys, files this response to Defendant Siljander's Motion for Disclosure of Grand Jury Materials, or in the Alternative Motion to Dismiss Count 32. (DE 190.) The Government recommends that the Court deny Defendant Siljander's Motion for the following reasons.

**Facts Relevant to the Instant Motion**

In or around March 2004, Defendant IARA hired Defendant Siljander to advocate for Defendant IARA's removal from the United States Senate Finance Committee's list of organizations supporting terrorism, and to assist Defendant IARA in obtaining reinstatement as an approved government contractor.

On October 13, 2004, search warrants were executed upon the premises of Defendant IARA, and at Defendant Hamed's residence in Columbia, Missouri.

On December 13, 2005, Defendant Siljander was interviewed at a Starbucks Coffee Shop in Arlington, Virginia, by two FBI Special Agents working on the grand jury investigation that led to the indictment of the instant matter. The agents explained the purpose of the interview, and served Defendant Siljander with a Grand Jury Subpoena. (See Exhibit A, filed contemporaneously under seal.)

On March 6, 2007, the Grand Jury returned the original indictment in this case. (DE 1.)

On April 23, 2007, precedent to a proffer interview in this case, AUSA Anthony P. Gonzalez provided Defendant Siljander, through his attorneys James R. Hobbs and Marilyn Keller, with a letter. (See Exhibit B, hereinafter "proffer letter," filed contemporaneously under seal.) The proffer letter confirmed that, "you and your client have been advised he is the target of a federal investigation involving the potential commission of numerous criminal violations." (Exh. B, p. 1.) Further, the letter stated:

> After our initial conversations, it is my [Gonzalez's] understanding that your client, Mark Siljander, is interested in providing the United States with information concerning possible violations of law. As we have discussed, it will be necessary for Mr. Siljander to provide a proffer of information for us to evaluate. The purpose of this letter is to set forth the ground rules

> under which the United States will agree to take such a
> proffer from Mr. Siljander.
>
> . . . . .
>
> Should your client intentionally provide any false,
> incomplete, inaccurate or misleading information or
> testimony, any statement made by your client during the
> proffer may be used in the prosecution's direct case of
> any offense being investigated, and also any prosecution
> for other criminal violations based upon the false,
> incomplete, inaccurate or misleading information,
> including but not limited to, the offenses of perjury,
> obstruction of justice, and false statements to
> government agencies.

(Exh. B, p. 2.) On April 26, 2007, Defendant Siljander signed the bottom of this letter, acknowledging its terms, as did his attorneys. (Exh. B., p. 5.)

On April 26, 2007, after signing the proffer letter, Defendant Siljander was interviewed by FBI Special Agents and AUSAs at the United States Attorney's Office in Kansas City, Missouri, in the presence of his attorneys, James R. Hobbs and Marilyn Keller. During that interview, Defendant Siljander made various false statements as charged in Count 32 of the Indictment, including denying that he had any telephone conversations with representatives of Defendant IARA, other than perhaps to thank them for their "donation" to him. That interview was concluded when the agents played for Defendant Siljander two telephone calls intercepted under the authority of an order from the Foreign Intelligence Surveillance Court, which had been declassified for use in that meeting. In the calls, which took place April 28,

3

2004, and May 6, 2004, Defendant Siljander could be heard discussing with Defendant Hamed the work he was performing on behalf of Defendant IARA and regarding the transfer of funds, telling Defendant Hamed, ". . . I think we oughta do this number one through foundations and not professionally" (Exh. D, p. 7), and discussing the means for transferring funds from Defendant IARA to Defendant Siljander using nonprofit entities. (See Exhibits C and D, filed contemporaneously under seal.)

On May 18, 2007, and July 6, 2007, Defendant Siljander was further interviewed by FBI Special Agents and AUSAs at the United States Attorney's Office in Kansas City, Missouri, on both occasions in the presence of his attorneys, James R. Hobbs and Marilyn Keller.

On January 16, 2008, the Grand Jury returned the First Superseding Indictment, naming Siljander as a defendant in the instant case. (DE 100.)

On April 27, 2009, Defendant Siljander filed the instant Motion, in which he asks that the Court order the Government to disclose certain Grand Jury materials listed as items one through five on page two, which list encompasses, literally, everything that occurred before the Grand Jury in this case. (DE 190.)

## **Law and Argument**

The arguments Defendant Siljander makes in the instant Motion are, in essence, the same ones presented in his Motion for Bill of

4

Particulars. (DE 195.) As the Government stated in its Response in Opposition to that Motion (DE 237), regarding matters occurring before the Grand Jury, other than copies of transcripts constituting witnesses' prior relevant statements, the Government respectfully declines to provide the Grand Jury material requested, unless ordered to do so by the Court. Such non-witness Grand Jury proceedings are privileged and protected by the secrecy provisions of Fed. R. Crim. P. 6.

Defendant Siljander has not set forth a compelling or particularized need for the disclosure of these Grand Jury proceedings. There is a strong presumption of the regularity of Grand Jury proceedings. *United States v. McKie*, 883 F.2d 819 (9th Cir. 1987). General disclosure of Grand Jury proceedings is not warranted absent a showing of a particularized need which outweighs the policy of Grand Jury secrecy. *United States v. Murillo-Conreras*, 81 Fed. Appx. 690 (9th Cir. 2003).

Here, Defendant Siljander argues that the disclosure of Grand Jury proceedings is needed for him to litigate the issue of materiality. However, this argument ignores the fact that there is an Indictment in this case. A plain reading of the Indictment is sufficient to litigate whether the issues asserted in Count 32 of the Indictment as being material to the investigation are, in fact, material, as they bear upon the other counts of the Indictment.

5

Specifically, paragraph 72 of the Indictment alleges that the following matters were material:

> A. Whether the defendant IARA had retained the defendant MARK DELI SILJANDER or any other individuals to perform lobbying or advocacy services;
>
> B. Whether any individuals had performed lobbying or advocacy services on behalf of the defendant IARA;
>
> C. Whether the defendant IARA had used funds it had received from charitable donations or USAID funds to pay for lobbying or advocacy services;
>
> D. Whether the defendant IARA or any other individuals had engaged in monetary or financial transactions involving charitable donations or USAID funds and, if so, the nature and purpose of said transactions; and
>
> E. What discussions had taken place between the defendant IARA and other individuals regarding lobbying and advocacy services, and monetary and financial transactions, and who had been involved in any such discussions.

There is no particularized need to invade the secrecy of the Grand Jury's proceedings to litigate whether the above issues were material to the investigation, when they are matters central to counts charged in the very same Indictment.

Further, the very fact that these assertions are in the Indictment answers the question of whether these matters were presented to the Grand Jury. The Government agrees that the issue of *whether* the Grand Jury's investigation was pending at the times Defendant Siljander made the allegedly false statements is relevant, as is *whether* the agents were assisting in that investigation. Paragraph 73 of the Indictment alleges that, on

6

December 13, 2005, and again on April 26, 2007, Defendant Siljander made a number of false statements to FBI agents.[1] However, the question of the existence of the Grand Jury's investigation at the points in time Defendant Siljander made the statements to the FBI agents, and the fact that the FBI agents were assisting in that investigation, may and will be addressed easily without invading the secrecy of the Grand Jury's proceedings – through the testimony of the FBI agents themselves. Copies of the reports prepared by the Special Agents regarding these interviews, filed contemporaneously under seal, have been provided to Defendant Siljander. The Government submits that the detailed information contained in the Indictment, together with the Special Agents' reports regarding the statements in question, is more than adequate for Defendant Siljander to litigate the issue of whether his statements involved matters that were material to the investigation, and to prepare his defense.

In that regard, Defendant Siljander's reliance on *Aguilar v. United States*, 515 U.S. 593 (1995), is misplaced. In *Aguilar*, a federal judge was convicted of disclosing wiretap information and obstructing justice. The Supreme Court reversed the conviction on the obstruction of justice charge, because that Court determined

---

[1] Specifically, that he had not been hired to perform any lobbying or advocacy work for Defendant IARA, that he had not performed any such work, and that the payment Defendant Siljander received from Defendant IARA was for a book he was writing.

7

that the evidence provided by the Government "would not enable a rational trier of fact to conclude that the respondent knew that his false statements would be provided to the grand jury, and that the evidence goes no further than showing that respondent testified falsely to an investigating agent." *Id*. at 603.

Unlike *Aguilar*, there was no question here whether the agents were acting on behalf of the Grand Jury from their very first meeting. At that December 13, 2005, meeting, the agents informed Defendant Siljander that they were meeting with him to serve him with a Grand Jury subpoena, which they did serve. Moreover, all subsequent meetings with Defendant Siljander took place in the presence of Defendant Siljander's attorneys, after an indictment had been returned, and the attorneys and Defendant Siljander acknowledged in writing that they had been advised that Defendant Siljander was the target of the Grand Jury's continuing investigation.

Finally, addressing the alternative relief requested by Defendant Siljander, the dismissal of Count 32, such relief is unwarranted absent the Government's refusal to comply with an order to disclose the requested materials.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court deny Defendant Siljander's Motion for

8

Disclosure of Grand Jury Materials, or in the Alternative Motion to Dismiss Count 32. (DE 190.)

        Respectfully submitted,

        **Matt J. Whitworth**
        Acting United States Attorney

  By     /S/

        **Anthony P. Gonzalez**
        Assistant United States Attorney

         /S/

        **Steven M. Mohlhenrich**
        Assistant United States Attorney

         /S/

        **J. Daniel Stewart**
        Assistant United States Attorney

         /S/

        **Brian P. Casey**
        Assistant United States Attorney

        Charles Evans Whittaker Courthouse
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

         /S/

        **Corey J. Smith**
        Trial Attorney
        Tax Division

        United States Department of Justice
        601 D Street, NW
        Washington, DC 20004
        Telephone: (202) 514-5230

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on June 3, 2009, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/S/
_____
**Anthony P. Gonzalez**
Assistant United States Attorney