## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 07-00087-CR-W-NKL |
| | ) | |
| ISLAMIC AMERICAN RELIEF | ) | |
| AGENCY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER RESETTING TRIAL

Pending before the Court is Defendant Mubarak Hamed's Motion to Continue Trial [Doc. 275].

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. *See* 18 U.S.C. § 3161(c)(1). In computing the 70-day time period, the periods of delay set forth in section 3161(h) are to be excluded. Specifically, the statute excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best

interests of the public and the defendant in a speedy trial. *Id.* § 3161(h)(8)(A).

In this case, the ends of justice are served by giving adequate time for Defendants'

counsel to identify and obtain resources in support of their effort to translate potentially

exculpatory evidence against them in the form of recorded telephone conversations as

well as other materials produced by the Government. The ends of justice in permitting

the Defendants to assemble potentially exculpatory material outweighs the interests of the

public and the defendant in a speedy trial.

      Therefore, under section 3161(h)(8)(A), the Court holds that 70-day statutory

time period does not apply. *See also United States v. Bustamente*, 248 Fed. Appx. 763,

764 (8th Cir. 2007) ("[A]mong factors which judge shall consider in determining whether

to grant continuance is whether nature of case is such that counsel cannot reasonably be

expected to prepare adequately for trial within statutory time limits."). The Court repeats

its earlier finding that because this litigation is unusual, complex and involves novel and

unique questions of fact and law, it would be unreasonable to expect adequate preparation

for pretrial proceedings or for the trial itself within the time limits established by section

3161.

      Accordingly, it is hereby

      ORDERED that Defendant Mobarak Hamed's Motion to Continue Trial [Doc.

275] is GRANTED. The case is set for trial on July 6, 2010, and pursuant to 18

U.S.C. § 3161(h), the time between the date of this Order and the trial date shall be

excluded in computing the time under the Speedy Trial Act.

IT IS SO ORDERED.


Dated:   July 24, 2009                          s/ NANETTE LAUGHREY
                                                NANETTE LAUGHREY
                                                United States District Judge