**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | No. 07-CR-00087-07-W-NKL |
| | ) | |
| Plaintiff, | ) | **22 U.S.C. §§ 612 and 618** |
| | ) | (Violation of Foreign Agents |
| v. | ) | Registration Act) |
| | ) | NMT 5 Years Imprisonment |
| **MARK DELI SILJANDER**, | ) | NMT $250,000 fine |
| | ) | NMT 3 Years Supervised Release |
| Defendant. | ) | Class D Felony |
| | ) | |
| | ) | $100 Mandatory Special Assessment |

# I N F O R M A T I O N

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material:

1. The Islamic American Relief Agency (IARA) was an Islamic charitable organization located in Columbia, Missouri, that served as the United States office of the Islamic African Relief Agency, an international organization with its principal place of business in Khartoum, Sudan and organized under the laws of Sudan. Originally, the Columbia, Missouri office of IARA was known as the Islamic African Relief Agency-United States Affiliate, or IARA-USA. On May 25, 2000, IARA legally changed its name to the Islamic American Relief Agency.

2. From at least 1990, until the present, Dr. Abdallah Sulayman Al-Awad (Al-Awad), served as Agency General Director of IARA's headquarters, in Khartoum, Sudan. In about 1990, Al-Awad transferred Mubarak Hamed (Hamed) from one of the approximately 40

overseas offices he controlled, to the IARA office in Columbia, Missouri. Hamed remained the head of the IARA in Columbia until at least October 13, 2004.

3. At all times IARA, in Columbia, Missouri was under the control and direction of its headquarters, in Khartoum, Sudan, and the organization was a foreign principal in that it was an association, organization or other combination of persons having its principal place of business in a foreign country, namely Sudan. At all times, the persons who incorporated IARA in Missouri, and others, concealed from the state and federal government that it was a part of a foreign organization, controlled by the foreign organization's headquarters, and organized under the laws of a foreign country.

4. On October 13, 2004, IARA along with its headquarters in Khartoum, Sudan, and five individuals located overseas, was designated a Specially Designated Global Terrorist (SDGT) by the Office of Foreign Assets Control (OFAC) in the Department of the Treasury. From that point, IARA could no longer receive contributions or use any of its property.

5. Defendant **MARK DELI SILJANDER** was a former member of the United States House of Representatives, and owner/director of a consulting firm, Global Strategies, Inc., a planning, marketing and public relations company incorporated in Virginia. Defendant SILJANDER was hired to advocate for IARA's removal from a Senate Finance Committee list of charitable organizations suspected of being involved in supporting international terrorism, and its reinstatement as an approved government contractor after having been terminated as is alleged more specifically below. At all times material, Defendant SILJANDER was aware that IARA was a part of and controlled by the organization

headquartered in Khartoum, Sudan. At no time was Defendant SILJANDER licensed or registered as an agent of a foreign principal, nor did he inform the Attorney General or any of his delegates that he was working for a foreign entity.

6. Abdel Azim El-Siddig (El-Siddig), also known as Abdel Azim El-siddiq and Abdel Azim Elsiddig, was a fundraiser for IARA, and for a time was described as its Vice-President for International Operations. On or about November 1, 2003, El-Siddig opened an IARA bank account at LaSalle Bank, Chicago, Illinois, on which he had signature authority, identifying himself as President of IARA and his wife as Secretary of IARA. El-Siddig used this account to transfer funds to Defendant SILJANDER. At all times, El-Siddig was aware that IARA was a part of, and controlled by, the Islamic African Relief Agency organization headquartered in Khartoum, Sudan.

7. In addition to other sources, IARA received funds from a series of cooperative agreements with the United States Agency for International Development (USAID), an agency within the United States Department of State, for relief projects in Mali, Africa. The agreements were terminated by USAID on or about December 19, 1999.

8. After December 20, 1999, as a result of the termination of IARA's cooperative agreement with USAID, IARA was debarred from any procurement transactions with any part of the Executive Branch of the United States government. IARA was informed that, in part, its termination and debarment was due to a determination that continuing the grant was not in the national interest of the United States.

9. On or about January 14, 2004, it was announced that the defendant IARA was included on a United States Senate Finance Committee list ("the list") targeting the activities of charitable organizations suspected of supporting international terrorism.

10. In or around March 2004, El-Siddig suggested to Hamed and IARA that Defendant SILJANDER was a person who could be hired to advocate for IARA's removal from "the list," and reinstatement as an approved government contractor, by gathering information and meeting with individuals and agencies of the United States government. Thereafter, IARA paid Defendant SILJANDER at least $75,000.00 to advocate for IARA, $50,000 of which were checks written in and drawn upon IARA bank accounts in Columbia, Missouri, and which were hand carried by El-Siddig and delivered to Defendant SILJANDER. From at least early as May 2004 until at least as late as November 2005, Defendant SILJANDER advocated for the benefit of IARA, and its interests, including concealing his actual advocacy relationship with IARA when interviewed by law enforcement.

**The Charge**

11. In or around May 2004 and continuing to an unknown date but at least until as late as November 2005, in the Western District of Missouri, and elsewhere, Defendant **MARK DELI SILJANDER**, after receiving money and checks from Columbia, Missouri, did knowingly and willfully act as an agent of a foreign principal, including, among others, acts described in ¶12, without having first registered with the Attorney General of the United States.

12. At various times in and after June, 2004, Defendant SILJANDER acted as an agent for a foreign principal in that, in return for money sent to him from Columbia, Missouri, he contacted persons at USAID, the United States Department of Justice, the United States Senate Finance Committee, and the United States Department of the Army, in an effort to have IARA removed from the USAID list of debarred entities, and to remove IARA from the Senate Finance Committee list of organizations suspected to support terrorism, knowing that IARA was controlled by and a part of an organization in Khartoum, Sudan.

All in violation of Title 22, United States Code, Sections 612 and 618.

BETH PHILLIPS
United States Attorney


/s/ ANTHONY P. GONZALEZ
ANTHONY P. GONZALEZ
Assistant United States Attorney


/s/ PAUL G. CASEY
PAUL G. CASEY
Trial Attorney, Counterterrorism Section
National Security Division, U.S. Dept. of Justice

Dated this 7th day of July, 2010
Kansas City, Missouri